WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
GEORGE BREITSAMETER, IDAHO STATE BAR NO. 2871
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-9903
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1038

U.S. COURTS

NOV 1 6 2011

Rcvd_____ Filed_____ time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CR No. |
| vs. | ) **RULE 11 PLEA AGREEMENT** |
| CHRISTOPHER K. CONK, | ) |
| Defendant. | ) |

I.   **GUILTY PLEA**

   A.   **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will waive Indictment and plead guilty to a three-count Information, which charges the defendant with:

   1.   Smuggling Goods from the United States, Title 18, United States Code, Section 554.

   2.   Misdemeanor Trafficking Wildlife, Marking Offense, Lacey Act, Title 16, United States Code, Sections 3372(b) and 3373(d)(2)(c).

   3.   Violating the Endangered Species Act, Title 16, United States Code, Sections 1538(c)(1) and 1540(b)(1) (a misdemeanor).

   This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this Agreement, the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend the terms set forth in the plea agreement, and agree not to file any additional charges or seek additional penalties. The defendant agrees that the Court may consider uncharged "relevant conduct" in arriving at an appropriate sentence pursuant to USSG § 1B1.3.

   B.   **Oath.** The defendant will be placed under oath at the plea hearing. The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**                    -1-                    Rev. April 2011 (General)

## II. WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, he waives the following rights: 1) the right to plead not guilty to the offenses charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant is guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant. If the District Court accepts the defendant's guilty plea, there will be no trial.

## III. NATURE OF THE CHARGES

　　A.　**Elements of the Crime.** The elements of the crime of Smuggling Goods From the United States, 18 U.S.C. § 554 as charged in Count 1, are as follows:

　　　　1.　Fraudulent or knowing export or attempt to export from the United States;

　　　　2.　Any merchandise or article;

　　　　3.　Contrary to United States Law.

The elements of the crime of Misdemeanor Trafficking in Wildlife -- Marking Offense, Lacey Act, 16 U.S.C. § 3372(a)(1) and 3373(d)(2) as charged in Count 2, are as follows:

　　　　1.　The defendant knowingly transported wildlife;

　　　　2.　In violation of a regulation of the United States;

　　　　3.　When in the exercise of due care the defendant should have known that the wildlife was transported in a manner unlawful under federal regulations, to-wit:

      A.    A Service officer must clear all wildlife to be exported from the United States prior to the physical loading of the merchandise on a vehicle or aircraft ... unless otherwise authorized (50 CFR 14.52).

      B.    A completed Declaration for Importation or Exportation of Fish or Wildlife (Form 3-177) must be signed by the exporter, or the exporter's agent, and must be filed with the Service prior to the export of any wildlife (50 CFR 14.63).

      C.    No person may import, export, or transport in interstate commerce any container or package containing any fish or wildlife (including shellfish and fishery products) unless he marks each container or package conspicuously on the outside with both the name and address of the shipper and consignee. An accurate and legible list of its contents by species, scientific name and the number of each species and whether or not the listed species are venomous must accompany the entire shipment (50 CFR 14.81).

      D.    Any person who engages in the business of importing or exporting wildlife for commercial purposes must obtain an import/export license prior to imiporting or exporting a wildlife shipment (50 CFR 14.91).

The elements of the crime of violating the Endangered Species Act, 16 U.S.C. §§ 1538(d)(1) and 1540(b)(1) as charged in Count 3, are as follows:

      1.    The knowing engaging in trade in any specimens;

    2.    The specimen was protected under the Constitution on International Trade in Endangered Species of Wile Fauna and Flora ("CITES");

    3.    The export of said specimen was contrary to the provisions of CITES.

**B.**    **Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree the following facts would be proven beyond a reasonable doubt:

Christopher Conk owned and operated Coral Fanatics LLC, which is a web-based retailer located in Middleton, Idaho. Coral Fanatics, LLC, sells corals, including species of ricordea.

Between on or about July 8th and September 27th, 2010, the defendant received three (3) separate orders to ship coral to Vienna, Austria. The three (3) shipments were shipped by the defendant to Vienna, Austria. The shipping documents misrepresented the contents of the shipment as "minerals" and "acquacultured ricordea fragments"; when in truth and in fact, the defendant knew the shipments contained wildlife. The package was not labeled as wildlife, were not declared to the U.S. Fish & Wildlife Service, nor did the defendant obtain an import/export license from the United States Department of the Interior prior to engaging in a business as a commercial exporter of wildlife.

The *Scleractinia* (Stony Coral) coral is wildlife protected under the provisions of Appendix II of CITES. International trade in CITES Appendix II species is prohibited without declaration and documentation of the origin of each specimen, showing that specific prohibition exemptions are met. Export of CITES Appendix II species is prohibited without a permit (import/export license) issued by the U.S. Fish and Wildlife Service Division of Management Authority.

The defendant knew of requirements for shipping wildlife which were not adhered to.

## IV. SENTENCING FACTORS

A. **Maximum Penalties.** A violation of Smuggling Goods From the United States, 18 U.S.C. § 554 as charged in Count 1, is punishable by a term of imprisonment of ten (10) years, a term of supervised release of not more than three (3) years, a maximum fine of $250,000.00, and a special assessment of $100.00;

A misdemeanor violation of Trafficking Wildlife, Lacey Act, 16 U.S.C. §3372(b) as charged in Count 2, is punishable by a term of imprisonment of one(1) year, a term of supervised release of not more than one (1) year, a maximum fine of $100,000.00, and a special assessment of $25.00;

A misdemeanor violation of the Endangered Species Act, 16 U.S.C. § 1538(d)(1) as charged in Count 3, is punishable by a term of imprisonment of one(1) year, a term of supervised release of not more than one (1) year, a maximum fine of $100,000.00, and a special assessment of $25.00.

B. **Supervised Release.** Following release from prison, the defendant may be placed on supervised release for not more than three (3) years.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crimes to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

C.  **Fines and Costs.** The Court may impose a fine. No agreement exists as to the amount of the fine. The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

D.  **Special Assessment.** The defendant will pay the special assessments before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

E.  **Restitution.** There is no restitution applicable to this instant case.

## V. UNITED STATES SENTENCING GUIDELINES

A.  **Application of Sentencing Guidelines.** The Court must consider the United States Sentencing Guidelines (USSG) in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to the Plea Agreement. The Plea Agreement does not bind the Court's determination of Sentencing Guidelines range. The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines. While the Court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the Court is not bound by this Agreement, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

1. **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offenses, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

2. **Applicable Offense Level.** The Government agrees to recommend that the defendant be sentenced at an offense level of ten (10), pursuant to USSG § 2Q2.1 calculated in the following manner:

| | | |
|---|---|---|
| (a) | Base offense level: | 6 |
| (b)(1) | The offense involved a commercial purpose | + 2 |
| (b)(A) | The market value of the wildlife was > $10,000 | + 4 |
| | Adjusted Offense level | 12 |
| | Less: Acceptance of Responsibility | <2> |
| | Final Offense Level | 10 |

3. **Amount of Loss.** The parties agree that the amount of loss is between $10,000 and $30,000.

      4.    **Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government and informing it of the basis, in writing, not less than 21 days before the date set for sentencing.

## VI. WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

    A.    In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or to collaterally attack the conviction, entry of judgment, and sentence.

    The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement, and the Government may withdraw from this Plea Agreement and take other remedial action.

    If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

    B.    Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur; the defendant understands that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:

      1.    The sentence imposed by the District Court exceeds the statutory maximum;

      2.    The District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

**Plea Agreement**         -8-        Rev. April 2011 (General)

3. The District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## VII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide such information violates this Agreement. Such failure will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1, or an upward departure under § 5K2.0, and relieve the Government of the obligations in this Agreement. Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests.

## VIII. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## IX. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation not to

prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the convictions under this Plea Agreement stand or vacating such convictions so that such charges may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

        B.     **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the offenses to which the defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

        Furthermore, if the defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h)(1)(G) or (h)(7)(A).

**X.    MISCELLANEOUS**

        A.     **No Other Terms.** This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from

pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. The Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

**B.** **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this Plea Agreement no later than 5:00 p.m. on November 14, 2011.

## XI. UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
United States Attorney
By:

_____          11/16/11
George W. Breitsameter              Date
Assistant United States Attorney

## XII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. In

addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including to enter a guilty plea. I am satisfied with my attorney's advice and representation in this case.

_____  _____11/14/11_____
Christopher K. Conk                Date
Defendant

I have read this Plea Agreement and have discussed the contents of the Agreement with my client. The Plea Agreement accurately sets forth the entirety of the Agreement. I concur in my client's decision to plead guilty as set forth above.

_____  _____11/14/11_____
Charles F. Peterson                Date
Attorney for the Defendant

**Plea Agreement**  -12-  Rev. April 2011 (General)