WENDY J. OLSON, IDAHO BAR NO. 7634
UNITED STATES ATTORNEY
GEORGE W. BREITSAMETER, IDAHO BAR NO. 2871
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1038

U.S. COURTS

NOV 1 6 2011

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. |
| | ) | |
| Plaintiff, | ) | INFORMATION |
| | ) | |
| vs. | ) | 18 U.S.C. §§ 554 |
| | ) | 16 U.S.C. §§ 3372(a)(1), 3372(d)(2), |
| CHRISTOPHER K. CONK, | ) | 1538(d)(1), and 1540(b)(1) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THE UNITED STATES ATTORNEY CHARGES:**

That at all times relevant to this Information, in the District of Idaho:

A. <u>INTRODUCTION</u>

1. Defendant CHRISTOPHER K. CONK owned and operated Coral Fanatics, LLC, which is a web-based retailer located in the District of Idaho in Middleton, Idaho.

2. Coral Fanatics, LLC., sells corals, including species of ricordea and stony corals (*Sceractinia*). These corals have been shipped by Defendant CHRISTOPHER K. CONK both domestically and internationally. All international coral shipments must be properly labeled and declared. Export of stony coral is subject to requirements of the Endangered Species Act.

3. On or about July 8, 2010, Defendant CHRISTOPHER K. CONK contracted to sell a set of ten ricordea corals to an undercover U.S. Immigration and Customs Enforcement (ICE) agent. The ICE agent paid CHRISTOPHER K. CONK in advance for the coral on or about August 4, 2010, and awaited shipment.

4. Defendant CHRISTOPHER K. CONK shipped the coral to Vienna, Austria, sometime after August 4, 2010, signing both customs and shipping manifests with the name "D.C." The shipment arrived in Vienna on August 11, 2010. A United States HSI attache accepted the shipment. The agent then shipped the container to the HSI Resident Agent in Charge in Boise, Idaho. The manifest and packing list described the shipment variously as "Minerals" and "aquacultured ricordea fragments." The package was not labeled as wildlife, nor was a permit to ship coral issued to Defendant CHRISTOPHER K. CONK prior to shipment. Upon examination by United States Fish and Wildlife Service (USF&W) and ICE agents, the package was found to contain ten (10) ricordea corals.

5. On or about September 13, 2010, CHRISTOPHER K. CONK shipped a second package of corals based upon an order placed by the same ICE agent. The shipment occurred in the same manner as the previous shipment of August 4, 2010. The second shipment arrived in Vienna, Austria, on September 15, 2010, and was received by USF&W and ICE agents in Boise, Idaho, on September 17, 2010. The package was found to contain thirteen (13) coral fragments of both ricordea and war corals, a species of *Sceractinia*.

6. A third order placed by the ICE agent was shipped on or about September 27, 2010, by Defendant CHRISTOPHER K. CONK and delivered to Austria in the same manner as the previous shipments alleged above. The shipment was received by agents in Boise, Idaho, on September 30, 2010.

7. Due to the threat of extinction, stony corals, such as those seized from each of the shipments listed above, are protected by international law. Any *Sceractinia* corals under 30 mm in diameter that are identifiable to genus are also protected by CITES. Exportation of identifiable *Sceractinia* corals is prohibited unless accompanied by a permit under the Endangered Species Act.

8. Defendant CHRISTOPHER K. CONK was responsible, in whole or in part, directly or indirectly, for conducting, managing, and overseeing the exportation of ricordea and stony corals. The defendant caused the corals to be shipped without required permits, and knowingly falsified customs documents for the shipments. Falsification of customs documents was a fraudulent concealment of the nature of the defendant's international shipments. Some of the exported corals are classified as threatened species under domestic and international regulation. The shipments of coral from the United States were accomplished by fraud, without permits or disclosures authorizing such exportations obtained pursuant to Title 18, United States Code, Section 554, or Title 16, United States Code, Sections 1538(a)(1); 1540(b)(1); 3372(a)(1); and 3322(d)(2); and underlying violations under 50 C.F.R. 14.52; 50 C.F.R. 14.63; 50 C.F.R. 14.91; and 50 C.F.R. 14.81.

B. THE LACEY ACT AND UNDERLYING LAW

9. The Lacey Act makes it unlawful for any person to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any fish or wildlife taken,

possessed, transported or sold, in violation of any law or regulation of any State or foreign law. 16 U.S.C. § 3372(a)(2)(A). The Lacey Act also makes it unlawful to make or submit any false label for, or any false identification of, an animal which has been, or is intended to be, imported, exported, transported, sold, purchased, or received from any foreign country; or transported in interstate or foreign commerce. 16 U.S.C. § 3372(d).

10. "Wildlife" is defined as "... any wild animal, whether alive or dead, including without limitation any wild mammal, bird, reptile, amphibian ... invertebrate whether or not bred, or born in captivity ..."

11. A violation of the Endangered Species Act can be proven to establish a Lacey Act offense has occurred. Other domestic, foreign, or international laws may also support a Lacey Act conviction. Under the Endangered Species Act, it is illegal to export, sell, transport or ship in interstate or foreign commerce, in the course of a commercial activity, any endangered or threatened species. 16 U.S.C.§ 1538(a)(1).

12. "Commercial" is defined as "related to the offering for sale or resale, purchase, trade, barter, or the actual or intended transfer in the pursuit of gain or profit, of any item of wildlife ... without regard to quantity or weight." 50 C.F.R. 14.4.

13. Federal Law makes it illegal to fail to declare wildlife to either Customs or United States Fish and Wildlife Service officers upon importation or exportation (50 C.F.R. 14.63), engaging in business as an importer or exporter of wildlife without a license from the United States Fish and Wildlife Service (50 C.F.R. 14.91), and failing to accurately mark shipments of wildlife (50 C.F.R. 14.81).

14. The International Convention on International Trade in Endangered Species of Wild Flora and Fauna (CITES) seeks to regulate international wildlife trade by classifying

threatened or endangered species within three appendices based upon the degree of threatened extinction. Under CITES, species are protected according to a classification system known as "appendices." Plant and wildlife species listed on Appendix II of CITES are not necessarily now threatened with extinction, but may become so. Trade of Appendix II species is strictly regulated in order to avoid utilization incompatible with their survival. It is unlawful for any person subject to the jurisdiction of the United States to import, export, re-export, or engage in international trade with any specimen of a species listed in Appendix I, II, or III of CITES. 50 C.F.R. 23.13.

15. The nations which are members of CITES have agreed to monitor and regulate trade in Appendix I and II species by prohibiting their international trade unless certain permits are first obtained and presented. In the United States, regulations that control the importation of species listed within CITES are contained in Title 50 of the Code of Federal Regulations.

16. Prior to exporting any species listed on Appendix I or Appendix II from the United States, the regulations require that a valid export permit be issued by the United States Fish and Wildlife Service.

17. All corals of the Order *Sceractinia*, or stony coral, are listed in Appendix II of CITES. Accordingly, exportation of stony coral from the United States requires a CITES permit from the Fish and Wildlife Service.

C. SMUGGLING GOODS FROM THE UNITED STATES

18. It is unlawful to fraudulently or knowingly export from the United States any merchandise contrary to law, or to attempt to ship from the United States, or in any manner facilitate the transportation, concealment, or sale of such merchandise, contrary to law. 18 U.S.C. § 554.

D.  THE ENDANGERED SPECIES ACT

19. The Endangered Species Act makes it illegal for any person subject to the jurisdiction of the United States to engage in business as an importer or exporter of certain fish and wildlife without a permit issued by the Secretary of the Department of the Interior. 16 U.S.C. § 1538(d)(1).

20. "Engage in business" means to import or export wildlife for a commercial purpose; a "commercial purpose" refers to the offering for sale, resale, purchase, trade, barter or intended transfer in pursuit of gain.

## COUNT ONE

### Smuggling Goods from the United States
### 18 U.S.C. § 554

21. Paragraphs 1 through 20 are incorporated here by reference as if fully set forth.

22. Occurring on or about August 4, 2010, at Canyon County, within the State and District of Idaho, defendant CHRISTOPHER K. CONK knowingly exported wildlife contrary to United States laws by falsifying United States Customs documents; by failing to disclose the shipment contained wildlife; and by exporting wildlife without an appropriate permit, in violation of Title 18, United States Code, Sections 554.

## COUNT TWO

### Lacey Act – Misdemeanor Marking Offense
### 16 U.S.C. §§ 3372(a)(1) and 3372(d)(2)

24. Paragraphs 1 through 20 are incorporated here by reference as if fully set forth.

25. Occurring on or about September 13, 2010, at Canyon County, within the State and District of Idaho, defendant CHRISTOPHER K. CONK knowingly transported wildlife in a manner unlawful under federal regulations when, in the exercise of due care, the defendant should have known that the wildlife had not been cleared by a Service officer; by failing to declare the shipment contained wildlife; by exporting wildlife in an improperly identified container; and by exporting wildlife without an appropriate permit; in violation of Title 16, United States Code, Sections 3372(a)(1) and 3372(d)(2).

## COUNT THREE

### Endangered Species Act
### 16 U.S.C. §§ 3372(a) and 3372(d)

26. Paragraphs 1 through 20 are incorporated here by reference as if fully set forth.

27. Occurring on or about September 27, 2010, at Canyon County, within the State and District of Idaho, defendant CHRISTOPHER K. CONK knowingly engaged in trade in protected wildlife under the provisions of Appendix II of CITES, contrary to United States laws, by failing to declare the shipment contained protected wildlife and by exporting protected wildlife without an appropriate permit; in violation of Title 16, United States Code, Sections 3372(a)(1) and 3372(d)(2).

DATED this 16th day of November, 2011.

WENDY J. OLSON
United States Attorney
By:

George W. Breitsameter
Assistant United States Attorney
[george.breitsameter@usdoj.gov]